IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COREEN I. THYME           *
                          *
       v.                 *     Civil Case No. PJM-17-2260
                          *
COMMISSIONER, SOCIAL SECURITY[1]  *
                          *
*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 6]. I have considered the parties' cross-dispositive motions, and Ms. Thyme's reply.[2] [ECF Nos. 22, 32, 34]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the SSA's decision be reversed in part, and that the case be remanded to the SSA for further analysis.

After a prior denial of benefits, Ms. Thyme protectively filed an application for Supplemental Security Income on August 28, 2013, alleging a disability onset that same day. (Tr. 91-100). Her application was denied initially and on reconsideration. (Tr. 52-61, 63-72). An Administrative Law Judge ("ALJ") held a hearing on June 29, 2016, at which Ms. Thyme was represented by counsel. (Tr. 28-51). Following the hearing, the ALJ determined that Ms.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] An identical version of the SSA's motion, without the table of contents, was filed as ECF No. 31. Ms. Thyme's reply was filed as a response to that original version.

Thyme was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 10-27). The Appeals Council denied Ms. Thyme's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Ms. Thyme suffered from the following medically determinable impairments:

> mild levoscoliosis, probable T9-10 herniation, disc displacement, disc disorder, arthropathy, congenital pes planus, diabetic neuropathy/peripheral neuropathy, peripheral edema, elevated alkaline phosphate, elevated blood protein, elevated creatinine, diabetes, mild diabetic retinopathy, glaucoma suspect, morbid obesity, dyslipidemia/hyperlipidemia, gastro esophageal reflux disease (GERD), gastritis, helicobacter (H Pylori) infection, vitamin D deficiency, hypertension, skin lesion, acute right flank pain, low back pain, back pain, chronic low back pain, lumbago, chronic pain, right elbow pain, left knee pain and dysphagia/throat trouble.

(Tr. 15). The ALJ next concluded, however, that Ms. Thyme did not have a severe impairment or combination of impairments. (Tr. 16). Accordingly, the ALJ concluded that Ms. Thyme was not disabled. (Tr. 22-23).

Ms. Thyme disagrees. Among other arguments, Ms. Thyme argues that the ALJ improperly applied the standard for finding a severe impairment and improperly assessed her subjective assertions of disabling pain. I agree.

Ms. Thyme's various arguments can be condensed to her one primary position: that the ALJ incorrectly deemed all of her various medically determinable impairments to be nonsevere. Importantly, a claimant's burden of showing a severe impairment at step two is only a "*de minimis* screening device used to dispose of groundless claims." *Taylor v. Astrue*, Civil No. BPG-11-032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012) (quoting *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (emphasis added)); *see also Felton-Miller v. Astrue*, 459 F. App'x 226, 230 (4th Cir. 2011) ("Step two of the sequential evaluation is a threshold question with a de minimis severity requirement."). Accordingly, any doubt or ambiguity in the evidence at step two should be resolved in the claimant's favor, and the ALJ should continue with the sequential

evaluation. *See* SSR 85-28, 1985 WL 56856 (S.S.A. Jan. 1, 1985).

Here, as Ms. Thyme points out and the SSA largely concedes, the ALJ's evaluation contains numerous inaccuracies and contradictory statements. *See, e.g.*, Def. Mot. 4 ("Defendant acknowledges that the ALJ's decision in this case is not a model of clarity."); *id.* at 7 ("As Plaintiff notes, the ALJ also incorrectly stated that the record did not contain a diagnosis of 'arthritis' by a medically acceptable source."); *id.* at 12-13 ("Defendant acknowledges that the ALJ incorrectly stated that laboratory imaging did not establish an elbow impairment."). For example, the ALJ made an express finding that Ms. Thyme had 31 "medically determinable impairments," (Tr. 15), but then subsequently asserted that many of those same diagnoses did not constitute "medically determinable impairments," (Tr. 19). The ALJ's analysis applied inaccurate legal standards. For example, the ALJ found that "[p]ain and the other subjective complaints are not medically determinable impairments," *id.*, and that such subjective complaints cannot "support the finding of disability without demonstrated medically acceptable signs or laboratory findings to support the same," *id.* However, the ALJ went on to cite to medically acceptable signs and laboratory findings which could evidence back impairments capable of causing pain, particularly in connection with Ms. Thyme's obesity (a body-mass index regularly exceeding 35). *See id.* (noting MRI results showing degenerative changes in spine and examination results reflecting "positive facet loading, limited range of motion related to pain, spasm and subjective tenderness and pain"). Diagnostic imaging also established bone spurs on Ms. Thyme's right elbow. (Tr. 497).

The ALJ appears to conclude that none of those objective test results would cause the degree of limitations Ms. Thyme alleges. However, the ALJ's reliance exclusively on the objective test results to evaluate Ms. Thyme's allegations of disabling pain is problematic. The regulations prohibit an ALJ from rejecting "your statements about the intensity and persistence

3

of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Thus, the ALJ's apparent view that the degenerative changes, probable herniated disc, and bone spurs reflected in the objective testing could not justify Ms. Thyme's subjective allegations of pain intensity contravenes the applicable legal standard.

Moreover, although the ALJ attempts to suggest that Ms. Thyme's activity level belies her allegations of disabling pain, the ALJ's recitation of her activities actually seems to substantiate some significant limitations. *See, e.g.*, (Tr. 22) ("She goes shopping but uses a motorized cart."); *id.* ("She gets five hours of sleep that can be interrupted by burning sensation in her feet and aches and pains in her body."). The ALJ failed to explain what statements by Ms. Thyme actually undercut her subjective evidence of pain intensity. *See Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) ("A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence."); *see also* SSR 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."). Here, the ALJ's apparent determination that objective medical evidence alone had to establish Ms. Thyme's degree of pain intensity improperly increased her burden of proof. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

Next, the ALJ's evaluation of the opinion of Ms. Thyme's treating nurse practitioner is flawed. Pursuant to the regulations:

> Because symptoms, such as pain, are subjective and difficult to quantify, any symptom-related functional limitations and restrictions that your medical

sources or nonmedical sources report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account as explained in [20 C.F.R. § 404.1529(c)(4) and § 416.929(c)(4)] in reaching a conclusion as to whether you are disabled.

*Id.* §§ 404.1529(c)(3), 916.929(c)(3). Under that standard, the ALJ's rejection of the medical statement from Ms. Thyme's nurse practitioner, Chrinma Njoka, is unpersuasive. Without citation, the ALJ asserts that Ms. Njoka's position is "internally inconsistent" because it finds Ms. Thyme capable of some sitting and standing, but no stooping. The ALJ posits that because stooping is the motion required to sit and stand, Ms. Njoka is taking contradictory positions. (Tr. 21). However, if the functional capacity for "stooping" in a vocational context were synonymous with an ability to sit down or stand up, stooping would not be considered as a separate postural limitation. Clearly, the assessment of a claimant's ability to "stoop" looks at repeated stooping in the course of performing a task, and not simply the motion required to change positions from sitting to standing. Additionally, the ALJ suggests that Ms. Njoka's treatment notes contain "completely normal longitudinal objective findings" when, in fact, the findings vary from appointment to appointment. *See, e.g.*, (Tr. 229-30) (September 9, 2013 appointment notes reflecting paresthesia of the distal extremities and tenderness in the lower extremity); (Tr. 288) (November 14, 2013 examination notes showing tenderness in the shoulder and knee/patella); (Tr. 308, 313) (appointment notes from various dates in 2014 addressing back pain); (Tr. 405) (appointment notes to check on back pain after a hospital visit, noting "scan was positive for pressure on bone"). The ALJ appears to have discounted Ms. Njoka's opinion, in large part, for the same reasons she discounted Ms. Thyme's subjective assertions of pain: a perceived assessment that the objective testing did not substantiate the alleged degree of impairment. However, as addressed above, the ALJ's rationale was flawed.

The ALJ's analysis cannot be salvaged by her reliance on the opinions of the State agency medical consultants, who also determined in early 2014 that Ms. Thyme's physical

5

impairments were not severe. (Tr. 59-60, 69-70). The ALJ's opinion was written more than two years later and after many intervening medical tests and findings, which would be likely to alter an analysis of the effect of Ms. Thyme's medical conditions on her ability to perform work functions. Thus, although the ALJ is certainly entitled to cite and rely upon the earlier opinions from the non-examining consultants, those opinions alone cannot justify or correct the improper analysis of Ms. Thyme's later diagnoses and treatment.

Ultimately, the ALJ has not provided substantial evidence to justify a determination that Ms. Thyme's many and varied impairments, resulting in several years of regular medical treatment and a significant number of prescription medications, failed to meet even the *de minimis* standard of severity at step two. I therefore recommend remand so that the ALJ can either provide substantial evidence to justify that position, or complete the sequential evaluation. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Thyme is not entitled to benefits is correct. Moreover, although the ALJ's decision is replete with factual errors and the application of incorrect legal standards, I do not agree with Ms. Thyme that the ALJ's opinion exhibits particular bias against her claim.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment [ECF No. 32];

2. the Court DENY Ms. Thyme's Motion for Summary Judgment [ECF No. 22];

3. the Court REVERSE IN PART due to inadequate analysis the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case to the SSA for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated: August 20, 2018                                      /s/
                                                   Stephanie A. Gallagher
                                                   United States Magistrate Judge