IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COREEN I. T. | * | |
| | * | |
| v. | * | Civil Case No. PJM-17-2260 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY[1] | * | |
| | * | |

*************

**REPORT AND RECOMMENDATIONS**

Plaintiff has filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 38. Because Plaintiff did not consent to a magistrate judge for all proceedings, her request for attorney's fees has been referred to me, pursuant to Standing Order 2014-01, for review and to make recommendations under 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). The Social Security Administration ("SSA") opposed Plaintiff's petition, ECF 46, and Plaintiff filed a Reply, ECF 47. For the reasons set forth below, I recommend that Plaintiff's Motion for Attorney's Fees be GRANTED in part and DENIED in part.

**I. BACKGROUND**

Plaintiff filed an application for Supplemental Security Income. ECF 1. After a denial of benefits through the administrative appeals process, on August 9, 2017, Plaintiff petitioned this Court to review the SSA's decision to deny her claim. *Id.* On August 20, 2018, I issued a Report and Recommendations, recommending that this case be remanded to the SSA for further proceedings. ECF 37. On September 11, 2018, Plaintiff filed the instant motion for attorney's fees under the EAJA, attaching an itemized billing statement.[2] ECF 38. United States District

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] In her accompanying Memorandum in support of her fee petition, Plaintiff clarifies that she seeks only $14,826.00, which reflects the $18,532.92 lodestar total, discounted by 20 percent. ECF 38-1 at 3.

Judge Peter J. Messitte issued an order adopting my Report and Recommendations on October 2, 2018. ECF 44. On October 23, 2018, I advised the parties that Plaintiff's fee petition had been filed prematurely, and that it would be treated as if it had been filed on December 4, 2018. ECF 45. The SSA objected to the total amount of fees requested, ECF 46, and Plaintiff submitted a Reply, adjusting her lodestar fee to $11,530.57, and applying a 20% discount to request $9,224.46 for 46.4 hours of work. ECF 47 at 1.

## II. ANALYSIS

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment, which is defined as commencing after the time for appeal has run. *Id.*

Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award

is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

The SSA does not challenge Plaintiff's right to a reasonable fee as the prevailing party in this case. ECF 46 at 1. Thus, the only remaining issue is Plaintiff's reasonable fee amount. In its Opposition, the SSA objects to both Plaintiff's hourly rate requested and the number of hours billed. *Id.*

First, the SSA argues that Plaintiff's cost-of-living adjustment to the statutory rate of $125.00 is inappropriate, and that even if a cost-of-living adjustment is warranted, Plaintiff's calculation of hourly rates from $318.75 to $327.50 is incorrect. ECF 46 at 2-4. Under the EAJA, attorney's fees are capped at $125.00 per hour, but courts are permitted to adjust the rate to compensate for an increase in the cost of living. 28 U.S.C. § 2412(d)(2)(A)(ii). The Fourth Circuit has established that "Section 2412(d)(2)(A) leaves the decision of whether to award fees in excess of the statutory cap in the sound discretion of the district judge." *May v. Sullivan*, 936 F.2d 176, 178 (4th Cir. 1991). Furthermore, a refusal to grant an upward adjustment based solely on an increase in the Consumer Price Index "does not constitute an abuse of that discretion." *Id.* Here, Plaintiff has demonstrated that a cost-of-living adjustment is appropriate, based not only on the Consumer Price Index for the region, but also based on an increase in operating costs for Plaintiff's counsel's law firm. ECF 38-1 at 3-4; 38-2 at 3-4; 47 at 1-2. Plaintiff notes that her counsel's law firm has incurred an increase in expenses from 2015 to 2018 for receptionist services, malpractice insurance, and LEXIS service. ECF 47 at 1-2. The SSA has not provided any evidence to contradict Plaintiff's assertion of a rise in the cost of living. ECF 46 at 3.

In her Reply, Plaintiff agreed to the SSA's proposed inflation factors, and reduced her cost-of-living adjustment to Defendant's suggested calculation of hourly rates from $195.12 to $199.95, when adjusted over time. ECF 46 at 4; ECF 47 at 1. Accordingly, because the parties agree to the

3

adjusted hourly rate, I recommend that the appropriate cost-of-living adjudgment reflect the hourly rates set forth in the Defendant's Opposition, reflecting the $125.00 statutory rate multiplied by the consumer price index ("CPI-U") value for each month in which Plaintiff's counsel worked, and then divided by the CPI-U value for March 1996 when the EAJA raised the statutory hourly rate to $125.00. ECF 46 at 4-5. However, in her Reply, Plaintiff incorrectly used the hourly rate for attorneys to calculate the paralegal work, instead of the original paralegal hourly rates of $164.00 and $127.00, to which the SSA did not object. *See* ECF 38-2 at 1-3; ECF 47-1; *see also See* USAO, *Attorney's Fees Matrix – 2015-2019*, https://www.justice.gov/usao-dc/file/796471/download (setting the market rates for paralegals). Thus, I recommend a change in the hourly rate to $164.00 and $127.00 respectively, for the two March time entries reflecting 0.75 and 1.5 hours of paralegal work. *Id.* Thus, the new lodestar fee amount is $11,398.21

Next, the SSA argues that Plaintiff's request for payment of 58.2 hours of time is excessive. ECF 46 at 5-9. Courts within this circuit have held, and I agree, that in typical Social Security cases it is reasonable for an attorney to expend between twenty and forty hours. *See, e.g.*, *Faircloth v. Colvin*, 2:13cv156, 2014 WL 5488809, at *11 (E.D. Va. Oct. 29, 2014); *Gibby v. Astrue*, Civil Case No. 2:09cv29, 2012 WL 3155624, at *5 (W.D.N.C. Aug. 2, 2012). In her Reply, Plaintiff reduced the number of hours billed to 46.4 hours of work, after applying a 20% discount which considered Plaintiff's unsuccessful argument on the issue of bias, and "any inefficiencies or shortcomings perceived by the Court." ECF 47 at 1. While high, as described below, this number of hours is justified based on the work performed in this particular case.

Specifically, the SSA argues that hours billed for drafting the Complaint are not compensable. "'Tasks of a clerical nature are not compensable as attorney's fees.'" *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d

4

1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all"). Social Security plaintiffs in this district have access to a form complaint, with just four blank spaces requiring insertion of (1) the place plaintiff resides, (2) the plaintiff's name, (3) the type of benefits that were denied, and (4) the date of the final administrative decision. That complaint requires limited factual information, incorporates no legal work, and could be completed by administrative staff in a matter of minutes. In this case, Plaintiff's counsel filed a more complex three page Civil Complaint, which contains additional factual information about her case. ECF 1. Accordingly, I do not recommend a deduction from the hours billed, but note that, in future cases, counsel need not spend additional time drafting a substantive complaint where the form complaint is equally effective.

The SSA also objected to Plaintiff's billing for administrative tasks for her Motion for Summary Judgment, and to Plaintiff rehashing the same arguments in her Reply in Opposition to Defendant's Motion for Summary Judgment. While Plaintiff's briefs were lengthy, with 33 pages for the Motion for Summary Judgment, ECF 23, and 26 pages for the Opposition to Defendant's Motion for Summary Judgment, ECF 34, the legal and factual issues briefed were more complex than the typical Social Security case. I also note that a procedural skirmish ensued when the SSA filed an identical version of its motion, with a new table of contents and without explaining the discrepancy. *Compare* ECF 31, *with* ECF 32. In any event, given Plaintiff's voluntary deductions and the relative legal and factual complexity of the record, an exceptionally large award of

attorney's fees for 46.4 hours of work is reasonable for the work performed in this case.

Based on the foregoing, I recommend that the Court GRANT in part and DENY in part Plaintiff's motion for attorney's fees, taking into account the recommended change in the paralegal rate, and award her $9,118.57 in fees for 46.4 hours of work under the EAJA (representing a 20% deduction to the revised lodestar total of $11,398.21). Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

### III. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: January 17, 2019  /s/  
Stephanie A. Gallagher  
United States Magistrate Judge